SUMMARY ORDER

Mei Yan Weng, a native and citizen of the People’s Republic of China, seeks review of a March 6, 2008 order of the BIA affirming the June 19, 2006 decision of Immigration Judge (“IJ”) Alan L. Page denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mei Yan Weng, No. A97 385 263 (B.I.A. Mar. 6, 2008), aff'g No. A97 385 263 (Immig. Ct. N.Y. City Jun. 19, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility determination is supported by substantial evidence. Weng fails to challenge various credibility-related findings, including: (1) her failure to list her aunt’s home, where she had allegedly gone into hiding, as one of her residences on her asylum application; (2) her omission from her asylum application of her claim that her parents had been recently threatened by the authorities; (3) her failure to mention that her mother had been sterilized until her merits hearing; (4) her conflicting testimony about whether her parents were members of the communist party; and (5) her vague testimony about her political activity in the United States.
Weng does challenge the agency’s finding that she was not credible because she failed to mention her Falun Gong related activities — the basis of her asylum claim— in her airport and credible fear interviews. In contesting that finding, Weng argues that the records of her airport and credible fear interviews are not sufficiently reliable to form the basis of a credibility determination. Specifically, Weng argues that because she had recently arrived in the United States, and was wary of U.S. authorities, she was not sufficiently at ease to disclose the true nature of her asylum claim. However, an applicant’s “mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent” the agency from relying on the record of the interview in support of an adverse credibility determination. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir. 2005). We conclude that the records of Weng’s airport and credible fear interviews are sufficiently reliable under the analytical framework we set out in Ram- *502 sameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). Further, we conclude that the fundamental inconsistency that arises between those initial interviews and Weng’s asylum application and testimony was ample basis for the agency’s adverse credibility determination. Accordingly, we conclude that the IJ’s denial of Weng’s application for asylum was proper. See Secaida-Rosales v. INS, 331 F.3d 297, 308-309 (2d Cir.2003) abrogated, in part, on other grounds, by Xiu Xia Lin v. Mukasey, 534 F.3d 162 (2d Cir.2008).
Finally, inasmuch as Weng based her claim for withholding of removal and CAT relief on the same factual predicate as her asylum claim, and the IJ properly found that such claim lacked credibility, her withholding of removal and CAT claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.